UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCISCO ARILLANO-DE LA ROSA

v.                                                                              Case No. 8:08-cr-461-T-24-MAP
                                                                                              8:10-cv-2113-T-24MAP

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner De La Rosa's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 29). The Government does not oppose the motion. (CV Doc. No. 4). As explained below, the motion is **GRANTED**.

In 2008, Petitioner was charged with four counts: Immigration Document Fraud (Count One), Aggravated Identity Theft (Counts Two and Four), and Possession of Social Security Cards with Intent to Sell (Count Three). (CR Doc. No. 7). Petitioner pled guilty to all four counts in January of 2009. (CR Doc. No. 20, 21, 24). On March 31, 2009, Petitioner was sentenced to sixteen months as to Counts One and Three and twenty-four months as to Counts Two and Four (Aggravated Identity Theft), with the sentence for Counts Two and Four to run consecutively to the sentence for Counts One and Three. (CR Doc. No. 26). As a result, Petitioner was sentenced to a total of forty months. (CR. Doc. No. 26). Petitioner did not appeal his conviction and sentence.

On May 4, 2009, the United States Supreme Court decided Flores-Figueroa v. U.S., 129 S. Ct. 1886 (2009). In Flores-Figueroa, the Supreme Court overruled prior Eleventh Circuit

precedent[1] and concluded that before a defendant can be convicted of Aggravated Identity Theft, the Government must show that the defendant knew that the identification belonged to another person. See id. at 1894.

Petitioner now moves to vacate his sentence and conviction for Aggravated Identity Theft, arguing that it is unconstitutional in light of Flores-Figueroa. The Government does not oppose the motion and concedes that since it did not establish that Petitioner knew that the identification at issue belonged to another person, Petitioner is actually innocent of the Aggravated Identity Theft convictions.

Accordingly, the Court finds that Petitioner's § 2255 motion must be granted. The Court hereby vacates and sets aside the judgment and sentence as to Counts Two and Four (Aggravated Identity Theft) that was entered against Petitioner. (CR Doc. No. 26). However, the judgment and sentence imposed as to Count One (Immigration Document Fraud) and Count Three (Possession of Social Security Cards with Intent to Sell) shall remain in effect. The Clerk is directed to prepare an amended judgment in the criminal case reflecting a sentence of sixteen months as to Counts One and Three, to run concurrently, followed by thirty-six months of supervised release; the other terms and conditions of his sentence remain the same. Additionally, the Clerk is directed to enter judgment for Petitioner in the civil case and then to close that case.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of December, 2010.

Copies to:
All Parties and Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[1] In U.S. v. Hurtado, 508 F.3d 603 (11th Cir. 2007), the Eleventh Circuit had concluded that a defendant could be convicted of Aggravated Identity Theft without a showing by the Government that the defendant knew that the identification belonged to another person.